**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| BRADFORD FONTAINE | : | |
| ELAINE M. FONTAINE | : | |
| <u>DEBTORS</u> | : | CASE NO.08-42454-JBR |

**MEMORANDUM OF DECISION ON MOTION TO DISMISS CHAPTER 7 CASE PURSUANT 11 U.S.C. § 521(e)(2)(C)**

This matter came before the Court for hearing on the Motion of Triton Computer Corp. to Dismiss the Chapter 7 Case Pursuant to 11 U.S.C. § 521(e)(2)(C) and Debtors' objection thereto. For the reasons set forth herein, the Motion is DENIED.

**FACTS**

On July 30, 2008 the Debtors filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code. The first meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting") was scheduled for September 8, 2008. The Debtors delivered a copy of their federal tax return to the Chapter 7 Trustee on August 6, 2008. On August 27, 2008 counsel for Triton, which holds a judgment in the amount of $744, sent a letter to the Debtors' counsel requesting a copy of the Debtors' tax return pursuant to 11 U.S.C. § 521(f)(1) and (3). The Debtors' counsel brought a copy of the return that had been delivered to the Chapter 7 Trustee to the 341 Meeting to give to Triton's counsel. Triton's counsel appeared after the 341 Meeting was concluded, however, and although the Debtors' and Triton's attorneys spoke, the Debtors' counsel left without turning over the return. He provided the return to Triton's counsel the next day.

**POSITION OF THE PARTIES**

Although Triton made its request pursuant to 11 U.S.C. § 521(f)(1) and (3), it is clear it is seeking relief under 11 U.S.C. § 521(e)(2)(C) . Triton argues that 11 U.S.C. § 521(e)(2)(C) mandates the dismissal of this case as the Debtors failed to provide copies of their tax returns to it seven days prior to the 341 Meeting unless the Debtors can show that the failure to produce the return was due to circumstances beyond their control. Although acknowledging that the remedy is draconian, Triton's counsel asserts that this Court has no discretion to permit the case to continue absent a showing that the failure was due to circumstances beyond the Debtors' control.

The Debtors acknowledge that Triton's request for their tax returns was made pursuant to 11 U.S.C. § 521(f)(1) and (3) but point out those subsections require the Debtors to file *with the Court* a copy of any tax returns filed during the pendency of the case upon the request of the United States Trustee or any party in interest. As the Debtors filed their case in 2008 and that the 2008 has not yet been filed, 11 U.S.C. § 521(f)(1) and (3) are inapplicable.

**DISCUSSION**

As the Debtors correctly note, Triton's request for their tax returns was made pursuant to 11 U.S.C. § 521(f)(1) and (3). Under those subsections, Triton's request is premature as no return has been filed during the pendency of the case. But even if the request had been properly made under § 521(e)(2), Triton's request was too late.

Section 521(e)(2) provides in relevant part:

> (A) The debtor shall provide–
>
> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending

> immediately before the commencement of the case and for which a Federal income tax return was filed; and
>
> (ii) *at the same time the debtor complies with clause (i)*, a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
>
> (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.
>
> (C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

11 U.S.C.A. § 521(e)(2)(emphasis added).

As is clear from the language of § 521(e)(2)(A)(ii), the Debtors' obligation was not to provide a copy of their tax return to Triton seven days before the 341 Meeting, it was to provide the return to Triton *at the same time they provided it to the Chapter 7 Trustee.* Triton acknowledges that a copy of the Debtors tax return was delivered to the Chapter 7 Trustee on August 6, 2008, three weeks *before* Triton even requested a copy of the return, albeit under the wrong Code section. Therefore § 521(e)(2)(A)(ii) is not applicable.

In *In re Collins*, 393 B.R. 835 (Bankr. E.D.Wis. 2008), the court, which was the first, and to this Court's knowledge, the only court, to address this issue in a published decision, was confronted with the identical situation and reached the same conclusion. In holding that the time to produce the return to a requesting creditor under § 521(e)(2)(A)(ii) is when the return is actually produced to the trustee, the court looked to both COLLIER and legislative history.

>There is no case law on this issue. However, *Collier,* in commenting on when a creditor's request for a tax return is timely, states:
>
>>By the terms of the statute, if the return has already been provided to the trustee, a request from a creditor could not be timely because the debtor could not supply it at the same time the return is provided to the trustee.
>
>*Collier on Bankruptcy,* 15th Ed., Vol. 4, para. 521.20, p. 521-79. *See also,* Henry J. Sommer, *Trying to Make Sense Out of Nonsense: Representing Consumers Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* 79 Am. Bankr.L.J. 191, 216 (2005).
>
>Although the legislative history of 11 U.S.C. § 521(e)(2) is sparse, there is language in the report of the Committee on the Judiciary House of Representatives which declares:
>
>>Upon request, the debtor must provide a copy of the tax return or transcript to the requesting creditor *at the time the debtor supplies the return or transcript to the trustee.* (emphasis added).
>
>H.R.Rep. No. 109-31 at 278 (2005). This is a solid indication of the Congressional intent that the deadline for a creditor to request a tax return from a debtor must be made at or before the time the debtor has supplied such return or transcript to the trustee.
>
>
>The court further concludes that, if § 521(e)(2)(A)(ii) was intended to enable a creditor to request the tax return even after it was supplied to the trustee, so long as that request was "not later than 7 days before the date first set for the first meeting of creditors" (which is the language contained in § 521(e)(2)(A)(i)), it would have used this language instead of using the wording "at the same time." There is a difference in the language in these two subsections, and this difference is significant.

*Id.* at 837. Moreover, the *Collins* court noted, a creditor seeking the a copy of the return is not without a remedy if it requests a copy of the tax return after it has already been produced to the trustee. *See, e.g.,* 11 U.S.C. § 521(g) and Fed. R. Bankr. P. 2004.

4

**CONCLUSION**

For the reasons set forth herein, Triton's Motion is DENIED.

A separate order will issue.

Dated: November 17, 2008

_____
Joel B. Rosenthal
United States Bankruptcy Judge